USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/22/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                :

DRYWALL TAPERS AND POINTERS OF    :    18 Civ. 624 (LGS)
GREATER NEW YORK LOCAL UNION 1974, :
IUPAT, AFL-CIO,                                :    **OPINION AND ORDER**
                                    Petitioner,    :
                                                    :
                       -against-                        :
                                                    :
ASTORIA T&M SERVICES, INC.,                :
                                          Respondent. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO ("Drywall") petitions for confirmation of a favorable arbitration award issued September 21, 2017 (the "Award"), along with interest, liquidated damages, legal fees and court costs. Respondent Astoria T&M Services, Inc. ("Astoria") does not oppose the petition. For the following reasons, the petition is granted in substantial part.

**I.    BACKGROUND**

       The following uncontested facts are taken from the Award and evidence submitted in support of the petition.

       Astoria entered into a collective bargaining agreement (the "Agreement") with Drywall. The Agreement requires Astoria to register for an overtime permit for all work performed by non-union employees, and to register jobs for all work performed by non-union employees. The Agreement provides that employee grievances may be settled through arbitration, and establishes appropriate fines for violating the aforementioned provisions. If an arbitration is commenced and one party fails to appear after due notice, the hearing may proceed in that party's absence. In

order to prevail at the arbitration hearing, the present party must submit the evidence required for a decision in the party's favor.

On July 27, 2017, Astoria performed a job at 888 7th Avenue, New York, New York, for which Astoria employed non-union workers and failed to register and obtain an overtime permit for their work.

Astoria was sent a 48 Hour Notice of Intent to Arbitrate via United Parcel Service on August 29, 2017, and the notice was received on August 30, 2017. The arbitration was held on September 21, 2017, and no representative of Astoria appeared. The Joint Trade Board (the "Board") found Astoria guilty of failing to register with non-union workers on the job, violating Art. XIII Sec. 6, Violation 2, and failing to obtain an overtime permit and employing a non-Union worker, violating Art. XIII, Section 6, Violation 4.[1] On September 21, 2017, the Board issued the Award in favor of Petitioner, finding that Astoria owes Drywall a fine of $7,000.

On January 24, 2018, this action was commenced to enforce the Award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; Section 502(e)(1) and 502(f) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and 1132(f). Astoria was served with a Summons and Complaint on March 20, 2018, and proof of service was filed with the Court on March 22, 2018. Astoria has not appeared or responded to Petitioner's Summons and Complaint. Drywall sought a default judgment on July 9, 2018, which the Court construes as an unopposed motion for summary judgment.

---

[1] The Award cites these violations as falling in Art. XIII, Section 11. However, such section does not exist, and violations are instead listed in Art. XIII, Sec. 6.

## II. DISCUSSION

### A. Confirmation of the Award

Section 301 of the LMRA "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. For the Mason Tenders Dist. Council Welfare Fund v. Super, L.L.C.*, No. 16 Civ. 6387, 2017 WL 2703572, at *2 (S.D.N.Y. June 22, 2017) (quoting *Local 802, Assoc. Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)). "[G]enerally a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).

Though a summary judgment standard is applied to confirmation proceedings, a "federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential -- indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. Carpenters & Joiners of Am. V. Tappan Zee Constructors, L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015). "It is the arbitrator's construction of the contract and assessment of the facts that are dispositive, 'however good, bad, or ugly.'" *Nat'l Football League*, 820 F.3d at 536 (quoting *Oxford Health Plans, L.L.C. v. Sutter*, 569 U.S. 564, 573 (2013)). The Award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Id.* at 537 (citations omitted).

No genuine issues of material fact exist in this case, as the petition is uncontested and the Award draws its essence from the Agreement, which prohibits Astoria from employing non-

union members without registering and from failing to have an overtime permit with a non-union worker on the job. The Agreement provides for arbitration as a means of addressing grievances and empowers the arbitrator to award monetary damages and interest. *See Nat'l Football League*, 820 F.3d at 537; *see also Trs. For the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2016) (confirming arbitration award brought under LMRA § 301 where defendant did not oppose petition and record supported arbitrators' findings). Petitioner is entitled to confirmation of the Award.

### B. Attorney's Fees and Costs

Petitioner also requests payment of attorneys' fees of $3,300 and costs of $480. "Section 301 of the [LMRA] does not provide for attorney's fees in actions to confirm and enforce an arbitrator's award." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985); *accord Trs. Of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16, Civ. 6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016). However, a court may award fees and costs in an LMRA case pursuant to its equitable powers. *See Odeon Capital Grp. L.L.C. v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017). "As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *See Int'l Chem. Workers Union*, 774 F.2d at 47 (internal quotation marks and citation omitted); *accord N.Y.C. Dist. Council of Carpenters v. New England Constr. Co., Inc.*, No. 16 Civ. 6608, 2017 WL 1967743, at *4 (S.D.N.Y. May 11, 2017).

Here, Astoria signed a collective bargaining agreement that provided for arbitration, failed to participate in the arbitration proceeding after receiving notice of the hearing, failed to satisfy the Award and failed to oppose the instant petition. Thus, Astoria has failed to justify its refusal to abide by the arbitrator's decision. Petitioner is therefore entitled to reasonable attorneys' fees and costs. *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund*, 2016 WL 7335672, at *3-4 (awarding fees and costs where employer agreed to arbitration, but failed to appear at the arbitration, satisfy the award or opposed a petition to confirm the award).

The issue of attorneys' fees and costs is referred to Magistrate Judge Stewart D. Aaron for determination. Petitioner has not yet submitted timesheets or background information about the attorneys who worked on the case.

C. **Interest and Liquidated Damages**

Petitioner also requests interest of 5.25% per annum through March 31, 2018, and liquidated damages of $700, or 10% of the principal amount. The request is denied because there is no evidence in the record that Petitioner is entitled to such payments.

In a letter dated August 9, 2018, Petitioner claims that Article XV of the Agreement provides the basis for this assessment. In relevant part, Article XV states:

> The cost of administration necessary to carry out the functions of the Joint Board shall be borne by all Employers in agreement with Local Union 1974 and shall for all purposes constitute an expense of doing business under this Agreement. Commencing June 28, 2017, each Employer shall pay the sum of twenty ($.20) cents per hour for each Journeyperson and/or Apprentice, for the administration of the Joint Board. . . . If the Employers fail to pay the administrative charges to the Joint Board, the Joint Board shall have the right to take whatever steps are necessary to recover the administrative charges owing to the Joint Board and the Employer shall be liable for all costs for collections of the payments due together-with [*sic*] attorney's fees and such penalties as may be assessed by the Joint Board.

5

Petitioner's letter explains that "[t]he Union Joint Board routinely assesses interest calculated at 5.25% per annum and liquidated damages calculated at 10% of the principal amount in order to 'recover the administrative charges owing to the Joint Board' associated with the Joint Board's efforts to collect delinquent assessments against charged signatory employers."

Petitioner's claim is unavailing. First, Article XV provides for costs associated with the collection of "administrative charges" which appear to pertain only to the Board assessment of $0.20 per hour for each worker employed. The relevant paragraph makes no mention of collection costs for arbitration awards. Second, there is no indication in the Award or elsewhere in the record that the Joint Board in fact assessed any such costs or penalties.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for confirmation of the Award is GRANTED. Petitioner is entitled to $7,000, plus attorney's fees and costs as determined by Judge Aaron. Petitioner's request for interest and liquidated damages is DENIED.

Dated: August 22, 2018
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE