USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/19/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO,

    Plaintiff,

-against-

Astoria T&M Services, Inc.,

    Defendant.

1:18-cv-00624 (LGS) (SDA)

OPINION AND ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a request by Plaintiff, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO ("Drywall Tapers" or "Plaintiff") for attorneys' fees of $3,300 and costs of $480 from Defendant, Astoria T&M Services, Inc. ("Defendant"), in connection with the District Judge Schofield's confirmation of an arbitration award in favor of Plaintiff (the "Award").

For the reasons set forth below, Plaintiff is awarded $2,940 in attorneys' fees and $480 in costs against Defendant.

## BACKGROUND

On August 22, 2018, District Judge Schofield entered an Opinion and Order granting the Petition for confirmation of the Award, and finding that Drywall Tapers is entitled to the sum of $7,000, plus attorneys' fees and costs. (8/22/18 Opinion and Order, ECF No. 35, at 6.) In addition, Judge Schofield referred the issue of the amount of attorneys' fees and costs to be awarded to Drywall Tapers to me for determination. (*Id*. at 5, 6.) In furtherance of her Opinion and Order, Judge

1

Schofield also entered on August 22 a formal Order of reference. (Order of Reference to a Magistrate Judge, ECF No. 36.)

On August 22, 2018, I entered an Order requiring the Plaintiff to file with the Court contemporaneous time records showing, for each attorney who worked on this matter, their dates of service, their hours expended, their hourly rate and the nature of the work performed. (8/22/18 Order, ECF No. 37.) Plaintiff also was required to provide to the Court biographical information about the attorneys, including the number of years they have been admitted to the bar. (*Id*.)

On September 17, 2018, Plaintiff filed an Affirmation of Lauren M. Kugielska in compliance with my August 22 Order. (Affirm., ECF No. 38.) In the Affirmation, Plaintiff seeks $3,300 in attorneys' fees for 11 hours worked, as well as $480 in disbursements. (*Id*. at 2-3.)

## DISCUSSION

### I. Legal Standards

"The party seeking fees bears the burden of demonstrating that its requested fees are reasonable." *11991SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.,* No. 13-CV-2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (citing *Blum v. Stenson,* 465 U.S. 886, 897 (1984)). In analyzing whether claimed attorneys' fees are reasonable, the Court examines "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To support their request for attorneys' fees, Plaintiff must submit "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

In order to set the hourly rates, courts compare the attorneys' usual billing rates with the prevailing market rates in the applicable district. *Miele v. New York State Teamsters Conference*

*Pensions & Retirement Fund*, 831 F.2d 407, 409 (2d Cir. 1987). The prevailing market rate is determined by "rely[ing] on [the Court's] own knowledge of comparable rates charged by lawyers in the district," *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (citation omitted) as well as on evidence submitted by the parties. *See Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005).

Recovery of filing fees and service of process fees "is routinely permitted." *N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16-CV-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases).

II.  **Application**

Plaintiff was represented by the law firm Barnes, Iaccarino, & Shepherd LLP, and the legal work was done by Ms. Kugielska. Plaintiff seeks $3,300 for 11 hours worked by her at $300 per hour. (Affirm. at 2-3.) Records of the New York Unified Court System reflect that Ms. Kugielska graduated from Hofstra University School of Law, and was admitted to practice law in the State of New York on May 19, 2010. She was admitted to practice in this Court in 2014. In addition, Barnes, Iaccarino, & Shepherd LLP has substantial experience in prosecuting actions for the enforcement of arbitration awards. (Affirm. at 2.)

The Court finds the $300 hourly rate for Ms. Kugielska to be reasonable. *See Drywall Tapers & Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO v. Visual Acoustics, LLC*, No. 17-CV-5431 (JGK)(KHP), 2018 WL 1596196, at *3 (S.D.N.Y. Mar. 29, 2018) (finding $300 hourly rate for Ms. Kugielska to be reasonable).

The Court finds that the number of hours recorded by Ms. Kugielska were reasonable, with two exceptions. Six-tenths of an hour were recorded for electronically filing an "Affidavit of Service with the Court," and six-tenths of an hour were recorded for sending a copy of the Joint Trade Board

decision "to employer." (Affirm. at 2-3.) These were ministerial tasks that would have more appropriately been done by support staff, not an attorney at a $300 hourly rate. Thus, the Court finds that Plaintiff shall recover the sum of $2,940 in attorneys' fees (*i.e.*, 9.8 hours at $300 per hour).

The Court also finds that the $480 sought by Plaintiff for filing and service of process fees are appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff is awarded the sum of $2,940 in attorneys' fees and $480 in costs.

Pursuant to the Opinion and Order of District Judge Schofield (*see* ECF No. 35), the Clerk of Court is directed to enter judgment in favor of the Plaintiff against the Defendant in the amount of $7,000. The Clerk is also directed to enter judgment in favor of the Plaintiff and against the Defendant in the amount of $2,940 in attorneys' fees and $480 in court costs and disbursements.

**SO ORDERED.**

Dated: New York, New York
September 19, 2018

*Stewart D. Aaron*
_____
**STEWART D. AARON**
**United States Magistrate Judge**